UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In the Matter of the Claim of
LASHEMA GREEN for her minor child
J██████ W██████ (hereinafter referred to as JW)          1:26-cv-008 (AMN/ML)


-against-                                                COMPLAINT
                                                         JURY TRIAL DEMANDED

CITY OF TROY
CITY OF TROY POLICE DEPARTMENT
CITY OF TROY POLICE OFFICER JOHN KEELER, officially and individually
CITY OF TROY POLICE OFFICER JOHN DOE, officially and individually
------------------------------------------------------------------X

Comes now the Plaintiff LASHEMA GREEN for her minor child JW, by and through her

attorneys Jasper Mills, Esq. and Daniel Smalls, Esq. complaining of the Defendants the

following claims and state that:


### JURISDICTION

1. LASHEMA GREEN brings this lawsuit under the United States Constitution, and

   pursuant to Title 42 U.S.C. § 1983 et. seq. and § 1988   This Court has subject matter

   jurisdiction of this lawsuit based on Title 28 U.S.C. §§1331 (federal question) and

   §1343(3) (equal rights).

### VENUE

2. This Court is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(1)

because all the events complained of occurred within the Northern District of New York, and the

Defendants are located within the Northern District of New York, and, upon information and

belief, all of the Defendants reside within New York State.

## PARTIES

3. Plaintiff is a resident of the State of New York and at all times, material to the allegations in this Complaint, was in the City of Troy when the incidents which gave rise to this Complaint occurred.

4. The minor Plaintiff is an African American male who resides in Troy, New York and, was at all times material to the complaint a resident of the state of New York when the averments of the complaint accrued.

5. City of Troy is a city in Rensselaer County, New York which is a political subdivision within the state of New York which provides governmental system within the County of Rensselaer for the residents. The City of Troy Police Department is an administrative arm of the City and is maintained by the City for the welfare of the public.

6. City of Troy Police Officers John Keeler and John Doe are employees of the City of Troy Police Department and were employed as police officers who were acting within the scope of their authority and within the scope of their employment with the City of Troy Police Department at all times material to the averments in the complaint.

## PRELIMARY STATEMENT

7. On October 3, 2024, JW was riding his pedal bicycle in the area of Six Avenue and Middleburg Street in the City of Troy when a friend of his was ordered to get out of the street and to ride his bicycle on the sidewalk. This order was complied with. At the time that this order was made JW was riding his pedal bicycle across the street toward a

convenient store. At this time Defendant Keeler ordered that JW ride his bike over to the officer's immediate vicinity. Both JW and his friend are African American males.

8. Once JW complied with the officer's request and arrived in the vicinity of Defendant Keeler, Defendant John Doe grabbed JW's arm while Defendant Keeler grabbed JW's other arm and placed JW in a restraint type of hold and ordered JW to get off of the bicycle. Despite inquiries made by JW neither officer was able to offer any explanation for the request.

9. At that time Defendant John Doe begins to punch the arm of JW in an attempt to force JW to release his bicycle and Defendant Keeler begins to order JW to release his bicycle. The officers continued to refuse to offer any explanation for this order.

10. Prior to any questioning and without any investigation, inquiry, and without any reasonable or probable cause to believe that JW had committed an arrestable offense, Defendant Keeler, grabs JW, picks him up into the air and slams JW, causing JW's head and neck to come into contact with the concrete, causing JW physical injury inclusive of a concussion and bruising about JW's body.

11. The Defendant officers then placed JW into handcuffs, took his personal property, including his bicycle, and forced their knees into JW's back and head before forcing JW into the back of a police car, all of which is captured on video.

12. The Defendant officers physically abused the JW who was struck, slammed, thrown and kneed about his body by the Officers who failed to inquire, investigate or take any action(s) which would have given them probable cause to believe a crime had been committed by JW.

13. Defendants Keeler and John Doe then unreasonably placed and kept JW in custody without his authorization or consent.

14. As a result of this conduct JW sustained injuries to his back, head and neck, severe emotional distress and public humiliation as the conduct of the Defendants took place in public and in front of JW's friends and other civilians present on the street.

**FIRST CAUSE OF ACTION**
**42 USC §1983**

**UNLAWFUL SEIZURE**
**42 U.S.C. Section 1983 Violation of Plaintiffs' Rights Guaranteed Under 4th and 14th Amendments to the U.S. Constitution to Be Free from Unlawful Seizure.**

15. Plaintiff repeats and realleges the allegations previously set forth in paragraphs 1 – 16 and are incorporated by reference as if fully set forth herein.

16. Defendant City of Troy Police Officers Keeler and John Doe, acting under color of state law, intentionally violated Plaintiff's rights protected by the 4th and 14th Amendments to the U.S. Constitution which entitles Plaintiff to be free from unreasonable and warrantless searches and seizures by law enforcement officers such as the Officers when said officers restricted JW's movement, arrested him, placed him into custody, forced him into the back of a police car and held him at a police station without JW having committed an arrestable offense  Consequently, Defendants are liable to Plaintiff for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority.

17. Plaintiff has been damaged as the result of the Defendants' actions and conduct in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**42 USC §1983**

**EXCESSIVE FORCE**

**42 U.S.C. Section 1983 Violation of Plaintiffs' Rights Guaranteed Under 8th, 4th and 14th Amendments to the U.S. Constitution to Be Free from the Use of Unreasonable and Excessive Force by Law Enforcement Officers**

18.    Plaintiff repeats and realleges the allegations previously set forth in paragraphs 1 – 17 and are incorporated by reference as if fully set forth herein.

19.    Defendants City of Troy Police Officers Keeler and John Doe, while acting under color of state law, intentionally violated Plaintiff' rights protected by the 4th and 14th Amendments to the U.S. Constitution, by grabbing, throwing, striking, pushing, pulling and slamming Plaintiff in a forceful manner.  These actions constituted unnecessary, unreasonable, and unwarranted excessive force.

20.    By these actions, the Officers intentionally violated Plaintiff' rights protected by the 4th and 14th amendments to the U.S. Constitution which guarantee that Plaintiff would be free from the use of unreasonable and excessive force by law enforcement officers. Consequently, Defendants are liable to Plaintiff for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority.

21.    Plaintiff has been damaged as the result of the Officers' actions and conduct in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## 42 USC §1983

### FALSE ARREST

**42 U.S.C. Section 1983 Violation of Plaintiffs' Rights Guaranteed Under 4th and 14th Amendments to the U.S. Constitution to Be Free from False Arrest.**

22.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 21 as if the allegations therein were fully set forth herein.

23.     The Defendant officers accosted, assaulted and battered Plaintiff upon sight and proceeded to arrest Plaintiff even though the Officers had not witnessed a crime and did not have probable cause to physically detain and restrain Plaintiff.

24.     The Officers lacked probable cause to arrest Plaintiff, and the Officers did not conduct an investigation into the background facts before accosting, assaulting, brutalizing, battering, handcuffing and arresting Plaintiff. By these actions, the Officers intentionally violated Plaintiff' rights protected by the 4th and 14th amendments to the U.S. Constitution which guarantee that Plaintiff would be free from false arrest and/or a deprivation of their liberty rights without due process of law.  Consequently, the defendants are liable to Plaintiff for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority.

25.     Plaintiff has been damaged as the result of the Officers' false arrest in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## 42 USC §1983

### FALSE IMPRISONMENT

**42 U.S.C. Section 1983 Violation of Plaintiffs' Rights Guaranteed Under 4th and 14th Amendments to the U.S. Constitution to Be Free from False Imprisonment.**

26.    Plaintiff repeat and reiterate the allegations set forth in paragraphs 1 – 25 as if the allegations therein were fully set forth herein.

27.    Plaintiff was physically assaulted and restrained when the Officers struck Plaintiff about the body and slammed Plaintiff against the concrete, before forcing Plaintiff into handcuffs.

28.    The Officers restrained Plaintiff upon sight and, before restraining Plaintiff, the Officers never bothered to investigate if any criminal activity or arrestable offense had in fact occurred.  Based upon the foregoing, the Officers falsely imprisoned Plaintiff, who did not consent to his arrest and/or imprisonment, and Plaintiff's arrest and imprisonment were without probable cause or other legal authority and violated Plaintiff's Constitutional rights.

29.    By these actions, the Officers intentionally violated Plaintiff's rights protected by the 4th and 14th amendments to the U.S. Constitution which guarantee that Plaintiff would be free from false imprisonment and/or a deprivation of their liberty rights without due process of law.  Consequently, defendants are liable to Plaintiff for the injuries which were directly and proximately caused by the Officers while acting within the scope of the Officers' authority

30.    Plaintiff has been damaged as the result of the Officers' false imprisonment in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## ASSAULT

31.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 30 as if the allegations therein were fully set forth herein.

32. Under New York penal law, the definition of assault is intentionally striking another person, and causing injury to that person.

33. Civilly, an assault occurs when one person intentionally causes another person to believe that he is in imminent danger of being the victim of harmful or offensive contact, in other words, the person must fear that he will be the victim of a battery. But no physical contact actually occurs.

34. That the defendant officers threatened the imminent use force by physically menacing plaintiff JW and verbally threatening the same while grabbing him and restricting his movement.

35. This placed the plaintiff JW in fear that he would be the victim of a battery who was at a severe physical disadvantage during the physical encounter directed at him by the defendants.

36. Based upon the foregoing the defendants intended to assault plaintiff JW, who did not consent to his assault which was unjustified.

37. Plaintiff has been damaged as the result of the Officers' assault in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## BATTERY

38. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 37 as if the allegations therein were fully set forth herein.

39. Battery is an unlawful application of force directly or indirectly upon another person or their personal belongings, causing bodily injury or offensive contact.

40. That the Defendant Officer grabbed, restrained, punched, slammed, kneed, controlled, physically manhandled plaintiff JW, and directed the physical contact against plaintiff JW and touched his body.

41. Based upon the foregoing the defendants intended to batter plaintiff JW, who did not consent to being battered or assaulted which was unjustified.

42. Plaintiff has been damaged as the result of the Officers' battery in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## 42 USC §1983

## MALICIOUS PROSECUTION

43. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 42 as if the allegations therein were fully set forth herein.

44. The Defendants intentionally and without the right to do so maliciously arrested and was prepared to prosecute Plaintiff on false charges.

45. By these actions, the Officers and the City intentionally violated Plaintiff's due process rights protected by the 4th. and 14th Amendments to the U.S. Constitution. Consequently, defendants are liable to Plaintiff for the injuries which were directly and

proximately caused by the Defendants while acting within the scope of Defendants' authority.

46.       Plaintiff has been damaged as the result of Defendants' malicious prosecution in an amount to be determined at trial.

## AS AND FOR THE EIGHTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 46 as if the allegations therein were fully set forth herein.

48. The tort of intentional infliction of emotional distress (IIED) occurs when one acts abominably or outrageously with intent to cause another to suffer severe emotional distress.

49. That the acts of the Defendant officers were totally unwarranted. The Plaintiff JW, a minor of African American descent, was physically assaulted, falsely arrested and placed in fear of serious physical injury as a result of the actions committed by the Defendants, and subjected to the fear and distress as a result of the same.

50. That the Plaintiff was subjected to extreme trauma associated with the Defendants instilling in him the fear of serious physical injury, which appeared, at least in part, to be racially motivated.

51. Based upon the foregoing the Defendants intended to intentionally inflict emotional distress by their assault, battery excessive force and false arrest of Plaintiff JW, which was unjustified.

52. The Plaintiff has been damaged as the result of the defendants' intentional infliction of emotional distress in an amount to be determined.

## AS AND FOR THE NINETH CAUSE OF ACTION NEGLEGENT INFLICTION OF EMOTIONAL DISTRESS

53. The Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 52 as if the averments therein were fully set forth herein.

54. The tort of negligent infliction of emotional distress occurs when there is a duty owed by Defendant to Plaintiff, breach of that duty resulting directly in emotional harm is compensable even though no physical injury occurred. (*Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 462 N.Y.S.2d 421, 448 N.E.2d 1332; see *Lando v. State of New York*, 39 N.Y.2d 803, 385 N.Y.S.2d 759, 351 N.E.2d 426; *Battalla v. State of New York*, 10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729 ; *Ferrara v. Galluchio*, 5 N.Y.2d 16, 176 N.Y.S.2d 996, 152 N.E.2d 249).

55. Under the public duty rule, a municipality, including its police officers, owes a general duty to the public at large to provide police protection and prevent police misconduct such as excessive force and assault at the hands of its officers and to address such behavior through proper training, supervision, and discipline.

56. Under the circumstances the Defendants owed the Plaintiff a duty that was breached and as a result unreasonably endangered the Plaintiff's physical safety and caused him to fear for his own safety.

57. That the acts of the Defendants were totally unwarranted and careless. Because of the extreme trauma and psychological distress suffered by the Plaintiff as a result of the actions of the Defendants, the Plaintiff has incurred emotional harm.

58. The Plaintiff has been damaged as a result of the Defendants' negligent infliction of emotional distress in an amount to be determined.

## TENTH CAUSE OF ACTION

### Failure to Intercede Claims against the Individual Officers

59. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 –58 as if the averments therein were fully set forth herein.

60. The defendant City of Troy Police Officer John Doe had reason to know that defendant Keeler had committed various violation of Plaintiff's rights under the U.S. Constitution and, despite being present at the time of those violations and having a realistic opportunity to intervene to prevent such harm from occurring, the Defendant City of Troy Police Officer John Doe failed to intervene to prevent and infringement of Plaintiff's rights under the U.S. Constitution.

61. Police officers have an affirmative duty to intervene to prevent the violation of constitutional rights by other officers in their presence, provided they have a realistic opportunity to do so . Prevost v. City of New York, 2014 U.S. Dist. LEXIS 170157, Simcoe v. Gray, 577 Fed. Appx. 38.

62. Plaintiff has been damaged, in an amount to be determined at trial, as a result of the failure of the Defendants to intervene and protect Plaintiff from violations of his rights under the U.S. Constitution.

## ELEVENTH CAUSE OF ACTION

## 42 USC §1983

## *MONELL* LIABILITY - THE CITY OF TROY

64.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 –58 as if the allegations therein were fully set forth herein.

60.     The Defendant officers are employed by the City of Troy, and at all times material to the allegations of the Complaint the Officers were acting within the scope of their employment and authority.

61.     The City of Troy failed to train, supervise, instruct, and/or monitor the Officers and, as a result of that failure, the Officers were unaware of the proper and lawful police practices and procedures which were applicable to the acts taken by the Officers in arresting Plaintiff; and/or the Officers knew that they would not be reprimanded by the City for their improper and unlawful actions concerning the arrest of Plaintiff and the accompanying violations of Plaintiff' Constitutional rights.

62.     Plaintiff has been damaged as the result of the City's failure to train, supervise, instruct and/or monitor for the Officers and the resulting Constitutional violations in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands judgment against the Defendants jointly and severally on the following causes of action:

1.     As and for the First Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff as against each defendant jointly and severally;

2.     As and for the Second Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff as against each defendant jointly and severally;

3.     As and for the Third Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff as against each defendant jointly and severally;

4.     As and for the Fourth Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff as against each defendant jointly and severally;

5.     As and for the Fifth Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff as against each defendant jointly and severally;

6.     As and for the Sixth Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff as against each defendant jointly and severally;

7.     As and for the Seventh Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff as against each defendant jointly and severally;

8.     As and for the Eighth Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff;

9.     As and for the Nineth Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff;

10.     As and for the Tenth Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff.

11.     As and for the Eleventh Cause of Action, damages in an amount to be determined at trial, but no less than three million dollars for Plaintiff.

12.     Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

13.     Punitive damages for Defendants' actions which were maliciously taken against Plaintiff with callow disregard of Plaintiff's Constitutional rights;

14.     Such other and further relief as to this Court seems just and proper.

15.     Plaintiff demands a trial by jury as it pertains to this matter.


Dated: December 11, 2025


Respectfully submitted,

By: Jasper L. Mills, Esq.
Attorney for Plaintiff
Mills Law Group, PLLC
240 State Street, Suite 4
Schenectady, NY 12305
518-512-3000
Millslawgroup@outlook.com